# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **LIGHT ENGINEERING CORP.,**  )  )  **Plaintiff,**  )  ) *vs.*  )  ) **HEAVY QUIP, INC.,**  )  )  **Defendant.**  ) | Cause No.  1:12-cv-1379-RLY-DKL |

## ENTRY
### on Report and Recommendation  [doc. 37]

Defendant removed this cause from state court based on diversity jurisdiction. At the initial pre-trial conference, the magistrate judge raised the apparent lack of the amount in controversy that is required for diversity jurisdiction and she ordered Defendant to show cause why the court had subject-matter jurisdiction at the time of removal. Entry from Initial Pre-trial Conference [doc. 29]. Pursuant to the court's Entry Referring Matter to Magistrate Judge [doc. 33], the magistrate judge issued a Report and Recommendation on the question of subject-matter jurisdiction [doc. 37] following Defendant's return to the show-cause order. The deadline for the parties to file objections to the Report and Recommendation having passed, see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), and no objections having been filed, the Report and Recommendation is ready for review.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1). If no objections are filed, a judge must review for clear error those portions of a recommendation to which no objection was filed. *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760-61 (7th Cir. 2009); *Kruger v. Apfel,*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Having reviewed the magistrate judge's Report and Recommendation and finding no clear error therein, the court **ACCEPTS** the magistrate judge's recommended disposition and **ADOPTS** her rationale as the court's holding. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Therefore, the court finds and concludes that it lacks subject-matter jurisdiction of this cause and will order the clerk of the court to remand it to the state court from which it was removed. See 28 U.S.C. § 1447(c). Because neither party made any request regarding "just costs and any actual expenses, including attorney's fees," *id.*, the court determines that the parties shall bear their own costs, expenses, and fees.

**DONE this date:** 07/10/2013

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.